of Decision. At this time, we'll hear more versus Warren County Board. Thank you. Judge Jacobs. Good morning. May it please the court. My name is Bill Mahar and I am here today. Self represented. I am the appellant in this matter. This appeal brings four issues before the court. The district court's determination that this claim is precluded. The standard of review used by the district court. What impacts the district court's suspicions concerning ghostwriting may have had. And lastly, the question of required notice under Rule 56F. It has been my position from the beginning of this action that while there may be some overlap of subject matter, any similarities between the instant case and the res judicata predicate Westcott matter are superficial. There are different causes of action and there exists no common questions of law or fact that would require these two cases to be consolidated. On February 22nd, 2017, when this case was first filed, the Westcott matter was still active. On March 16th, when a notice of related cases was filed, the Westcott matter was still active. On April 3rd, when the district court approved the notice of related cases, the Westcott matter was still active and remained so until it was dismissed on April 27th of 2017. There was a period where they were both simultaneously active on the district court's calendar for almost 24 days. Based on the guidance that this court has provided for those circumstances in Devlin versus TCIU, docket number 98-7237, it is not unreasonable to trust the district court would have evaluated these two questions for these two cases for common questions of law or fact as it considered consolidation. And finding no such commonalities is why it declined to consolidate. I believe the goal and the guidance in Devlin being not only to facilitate judicial economy, but to express an affinity for decisions on the merit and to avert needless dismissals on grounds other than merit as any litigant represented by counsel as in Devlin or otherwise stumbles into an incurable procedural error. If this scenario is accurate, this creates the obvious question of why did the court subsequently dismiss this case, saying in effect that there were common questions of law and fact and the claim should have been consolidated by the plaintiffs into the original Westcott case. There's always a possibility that counsel for the Board of Supervisors made a powerful argument that swayed the court. I do admit that. That argument is on the record for this court to evaluate, but I believe there's another possibility, a possibility that based on the record has a higher degree of probability. I believe the district court was reacting to what it saw as a blatant attempt at a fraud upon the court, ghostwriting. And not just ghostwritten substantive documents, but a more despicable form where a faceless attorney criticizes another member of the bar from the shadows. A form of ghostwriting in the Southern District here in New York has said it must vigorously condemn. I was admittedly my own zealous advocate. I was assertive and critical on multiple points as my briefs and filing show, one of which the improper incorporation of reference by a prior memorandum of law the district court stated it saw as direct evidence of attorney assistance. The unfortunate result of this was my good faith effort was deemed likely a fraud and a decision was entered I feel conveyed the court's displeasure. Not only on the issue of res judicata, but on the district's court choice of rational basis as the standard of review. A standard which if affirmed would represent significant new law and a diminution of the protections afforded to our right to vote on an equal basis with other otherwise qualified voters in our jurisdiction when selecting our legislative representatives. Thank you. Thank you. We reserve decision in a case of United States versus Greenberg is taken on submission. That's the last case on calendar. Please adjourn court.